

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-26-00402-CV

**IN RE T.A.S.D.**, a Child

Original Proceeding[1]

PER CURIAM

Sitting:      Lori I. Valenzuela, Justice
               Adrian A. Spears II, Justice
               Velia J. Meza, Justice

Delivered and Filed: July 8, 2026

PETITION FOR WRIT OF MANDAMUS DENIED; MOTION FOR EMERGENCY RELIEF DENIED AS MOOT

Relator, E.D., filed her petition for writ of mandamus, motion to stay enforcement of an April 18, 2023 custody order, and mandamus record on May 18, 2026. E.D. filed an amended petition for writ of mandamus on May 19, 2026. Mandamus is an extraordinary remedy, available only when the relator can show (1) the trial court clearly abused its discretion or violated a duty imposed by law; and (2) there is no adequate remedy at law, such as an appeal. *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding). However, when the trial court issues a void order, the relator need not show that an appellate remedy is inadequate to obtain mandamus

---

[1]This proceeding arises out of Cause No. 22-03-61760-CV, styled *In the Interest of T.A.S.D., a Child*, pending in the County Court, Jim Wells County, Texas, the Honorable Rumaldo Solis, Jr presiding.

relief. *In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) ("[B]ecause the order was void, the relator need not show it did not have an adequate appellate remedy, and mandamus relief is appropriate.").

According to E.D., the trial court lacked jurisdiction to enter an April 18, 2023 custody order regarding T.A.S.D. because the child had not resided in Texas in the *five* months prior to the real party in interest filing his suit affecting the parent-child relationship. "[A] court of this state has jurisdiction to make an initial child custody decision" if this state "was the home state of the child within *six* months before commencement of the proceeding and the child is absent from this state but a parent or person acting as a parent continues to live in this state." TEX. FAM. CODE § 152.201(a)(1) (emphasis added).

Having considered the petition, the motion, and the record, this court concludes E.D. has not shown that she is entitled to the relief sought. Accordingly, the petition for writ of mandamus is denied. *See* TEX. R. APP. P. 52.8(a). E.D.'s motion for temporary relief is denied as moot.

Further, the petition for writ of mandamus and the mandamus record each disclose the full name of a minor child and other sensitive data that is required to be redacted under the Texas Rules of Appellate Procedure and this court's local rules. *See* TEX. R. APP. P. 9.8 and 9.9; 4TH TEX. APP. (San Antonio) LOC. R. 4.2 (2025). Accordingly, we strike the petition for writ of mandamus and the mandamus record.

PER CURIAM